IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-2-BO-KS

| | |
|---|---|
| LEONIE TAVARES,<br>Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R |
| MARTIN O'MALLEY,<br>*Commissioner of Social Security*,<br>Defendant. | )<br>)<br>)<br>)<br>) |

This cause comes before the Court on Plaintiff's motion for judgment on the pleadings [DE 11]. A hearing was held on these matters by the undersigned on September 30, 2024, in Raleigh, North Carolina. For the reasons discussed below, plaintiff's motion for judgement on the pleadings is GRANTED.

## BACKGROUND

Plaintiff filed for disability insurance benefits on November 3, 2020, alleging that she became disabled on October 7, 2020, when she left a twenty-year career at American Airlines due to severe joint pain. She had a hearing before an ALJ on April 25, 2023. The ALJ found that Plaintiff could continue to perform light work and denied her request for benefits. The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became final. Plaintiff now brings the present suit under 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Current regulations establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show

2

that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that the plaintiff had not engaged in substantial gainful activity since her amended onset date. At step two, the ALJ found that the plaintiff had severe impairments, including degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral knees, plantar fasciitis, and pes planus. At step three, the ALJ determined that her impairments did not equal a Listing. At step four, the ALJ described plaintiff as…

> "ha[ving] the residual functional capacity to perform a reduced range of light work as defined in 20 CFR 404.1567(b). Specifically, she can lift and carry 20 pounds occasionally and 10 pounds frequently; push and pull in accordance with those lifting and carrying limitations; stand and/or walk six hours in an eight-hour workday; and sit six hours in an eight-hour workday. She can occasionally climb; occasionally balance as that term is defined in the Dictionary of Occupational Titles ("DOT"); and occasionally stoop, kneel, crouch, and crawl. Lastly, she can have only occasional exposure to hazards, such as unprotected heights and moving mechanical parts." [DE 13 at 5].

Based on this, the ALJ determined that the plaintiff could perform work as a collections clerk, and that she was not disabled within the meaning of the Act.

The plaintiff argues that the ALJ erred by discounting plaintiff's testimony of pain as not supported by physical evidence in his evaluation of her residual functional capacity. Plaintiff testified that she could not tolerate walking for more than 20 minutes at a time due to her severe pain. Plaintiff also argues that the ALJ erred in rejecting the medical opinion evidence provided by Dr. Kodumagulla as not supported by the physical evidence.

The Court agrees with plaintiff's assertion that the ALJ's assessment of residual functional capacity is not supported by substantial evidence and does not contain the necessary logical bridges between the evidence and the conclusions. The ALJ found that the plaintiff's testimony was unsupported by physical examination evidence and that the plaintiff continued to

3

have intact strength, sensation, and range of motion. However, there is significant physical evidence to support plaintiff's claims of severe pain, including "a large marginal osteophyte in the lateral compartment of her right knee joint and a valgus deformity accentuated by near bone-on-bone contact of the lateral compartment." [DE 8 at 30]. Also evident were "sclerosis in the medial tibial plateau, mild patellofemoral arthritis, and large osteophytes in the lateral gutter of the right knee." Id. These physical findings provide objective support for plaintiff's subjective testimony of severe, limiting pain.

The evidence on the record supports a finding that the plaintiff suffers from severe pain, severely limiting her functional capacity. Given the determinations made by the ALJ that were not supported by substantial evidence, the Commissioner's decision must be reversed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgement on the pleadings [DE 11] is GRANTED. The decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this __14__ day of October 2024.

*[Signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE